COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


GLENNA MICHELLE BABB

v.   Record No. 1585-95-3                    MEMORANDUM OPINION[*]
                                               PER CURIAM
SCOTT COUNTY DEPARTMENT                    JANUARY 23, 1996
 OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF SCOTT COUNTY
                   James C. Roberson, Judge

        (Melanie L. Jorgensen; Hamilton & Jorgensen, on
        brief), for appellant.

        (C. Dean Foster, Jr., on brief), for appellee.



     Glenna Michelle Babb appeals the decision of the circuit

court terminating her parental rights to her children, Britney

and Jonathan.  Babb contends that the Scott County Department of

Social Services (DSS) failed to present clear and convincing

evidence that the requirements of Code §§ 16.1-283(B) and (C) had

been satisfied.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

consideration of a trial court is the child's best interests."

Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

128, 409 S.E.2d 460, 463 (1991).  The trial courts "'are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Id. (citation omitted).  On appeal, when the trial court has heard the evidence ore tenus, its judgment will not be disturbed unless plainly wrong or without evidence to support it.  Id.

Under Code § 16.1-283(B), DSS must establish by clear and convincing evidence that (1) the neglect and abuse suffered by Britney and Jonathan "presented a serious and substantial threat to [their] life, health or development;" and (2) that it is not "reasonably likely" that the conditions which caused the neglect and abuse can be "substantially corrected or eliminated" to allow the children to return to the parent in a "reasonable period of time."  Code § 16.1-283(B)(1) and (2).  It is prima facie evidence that the abusive or neglectful conditions have not been corrected if there is proof that a parent has "habitually abused or [is] addicted to intoxicating liquors . . . to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment which could have improved the capacity for adequate parental functioning".  Code § 16.1-283(B)(2)(b).  Similarly, proof that a parent has not responded to or followed through on appropriate rehabilitative efforts and services offered through DSS or other agencies is prima facie evidence that the abusive or neglectful conditions

have not been corrected.  Code § 16.1-283(B)(2)(c).

Under Code § 16.1-283(C), DSS was required to prove by clear and convincing evidence that termination of Babb's residual parental rights was in the best interests of Britney and Jonathan and that Babb "without good cause, . . . [was] unwilling or unable within a reasonable period not to exceed twelve months to remedy substantially the conditions which led to the [children's] foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end."  Code § 16.1-283(C)(2).

Proof that Babb
> without good cause, . . . failed or . . .
> [was] unable to make reasonable progress
> towards the elimination of the conditions
> which led to the [children's] foster care
> placement in accordance with [her]
> obligations under and within the time limits
> or goals set forth in a foster care plan
> filed with the court or any other plan
> jointly designed and agreed to by the parent
> . . . and a social, medical, mental health or
> other rehabilitative agency

Code § 16.1-283(C)(3)(b), was prima facie evidence that Babb was unwilling or unable to remedy the underlying conditions.

Britney and Jonathan were taken into custody when DSS discovered the children, both age 3, alone at 10:00 p.m. on a Friday.  When Babb came home shortly after the DSS workers arrived, she smelled of alcohol, staggered, had glassy eyes and slurred speech.  The apartment was dirty to the point of being unsanitary.  Broken glass and food were on the floor.  The

children were dirty, and Britney was crying.

Britney was born with a significant case of fetal alcohol syndrome, caused by heavy alcohol consumption by Babb during her pregnancy. Britney also is mildly retarded, and displays reactive attachment disorder, attributable to neglect by Babb, her primary caregiver. Britney also continues to receive therapy for possible sexual abuse. Jonathan shows symptoms consistent with a mild case of fetal alcohol syndrome, including microcephaly. Jonathan has serious problems with fine and gross motor coordination, possibly indicating cerebral palsy. Jonathan also displays reactive attachment disorder, arising from neglect by Babb while he was in her care.

The psychiatrist who tested Britney and Jonathan noted that reactive attachment disorder can be cured by placing a child in a structured and stable environment. After an extended period of time, Britney and Jonathan were forming emotional attachments to their foster parents, indicating that they were beginning to recover from the disorder. Both Britney and Jonathan will continue to need a stable and structured home environment with consistent care to aid their emotional problems. Jonathan will also require physical therapy and additional special services to address his physical and neurological problems.

DSS worked with Babb to improve her parenting skills and to provide counseling and treatment for Babb's alcohol problem. DSS provided Babb with Family Focus services, an intensive twenty to

4

twenty-five hours a week of in-home counseling, parenting and health services. It also provided Babb with transportation services. Babb failed to complete her GED classes and failed to complete her substance abuse counseling. Babb's visits with her children were sporadic. While Babb was originally cooperative with the Family Focus services, Babb's cooperation began to lag. Babb missed appointments and failed to follow through on her responsibilities. Babb stopped attending Alcoholics Anonymous meetings. Babb's participation in the Family Focus program was terminated when the service provider found alcohol in Babb's apartment.

The record demonstrates that DSS provided Babb with assistance but that Babb was unable or unwilling to make substantial improvement in the underlying problems which gave rise to her children's foster care placement. Significantly, in her testimony before the circuit court, Babb denied drinking during her pregnancies, denied she had an alcohol problem, and denied neglecting her children.

The children have been in foster care since 1993. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming [her] responsibilities." Kaywood v. Dep't of Social Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The trial court found that clear and convincing evidence demonstrated that it was in the best interests of these children

5

to terminate Babb's parental rights.  That finding is not plainly

wrong or without evidence to support it.  Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>